Filed 9/20/13  P. v. Reyes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS FERNANDO REYES,<br><br>    Defendant and Appellant. | G047099<br><br>(Super. Ct. No. 09WF1907)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lilia E. Garcia and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Carlos Fernando Reyes of: (1) premeditated attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a), count 1, all further statutory references are to the Penal Code), and that defendant personally discharged a firearm in the commission of this offense (§ 12022.53, subd. (c)); (2) assault with a firearm (§ 245, subd. (a)(2), count 2), with personal use of a firearm (§ 12022.5, subd. (a)); (3) possession of a firearm by a felon (§ 12021, subd. (a)(1), count 3), and that this offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)); (4) shooting at an occupied vehicle (§ 246, count 4); and (5) active participation in a criminal street gang (§ 186.22, subd. (a), count 5).

The court sentenced defendant to a life term on count 1 with a 20-year enhancement under section 12022.53, a concurrent term of seven years on count 2 (§ 245, subd. (a)(2)), a concurrent term of two years on count 3 (§ 12021, subd. (a)(1)), struck the punishment for the true finding the offense was committed for the benefit of a criminal street gang, and stayed sentence on counts 4 and 5 (§ 654). The court imposed a $200 restitution fine (§ 1202.4, subd. (b)), and imposed and stayed a $200 parole revocation fine (§ 1202.45).

Defendant raises two issues in his appeal; insufficient evidence to sustain either his conviction for active participation in a criminal street gang, count 5, or the true finding that possession of a firearm by a felon was committed for the benefit of a criminal street gang enhancement to count 3. We disagree with his contentions and affirm the judgment.

FACTS

After Orange County Sheriff Deputies Milton Thomas and Barbara Galicia arrived in an area known as "Little Stanton" in response to reported gunshots, Juan Flores approached them, driving erratically in a white and red truck. Flores got out of his

vehicle. He appeared scared and agitated and asked for help. The officers observed an injury to Flores's head and called for medical assistance. On examining the vehicle, the officers found a missing headlamp and several bullet holes as well as blue paint transfers. A blue truck was parked across the street in front of a known drug house; the truck had suffered collision damage and had "possible white paint transfer[s]." It was registered to defendant. Later Flores identified defendant as his attacker from a photographic "six-pack." Flores testified he was attacked by defendant as he was waiting for a delivery of drugs. Defendant is a member of the "Big Stanton" gang.

A few days later, Orange County Sheriff Investigator Kevin Navarro arrested defendant. In a search of defendant's garage, investigators found a truck belonging to defendant's fellow Big Stanton gang member Tony Verales. A number of guns were found in the garage, inside Verales's truck, and under the house; this included the gun used in the attack on Flores.

DISCUSSION

1. *Active Participation in a Criminal Street Gang*

*People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) was decided after defendant filed his opening brief but before the respondent's brief was filed and defendant expanded his argument that the conviction for active participation in a criminal street gang (count 5) should be reversed in his reply brief. In *Rodriguez* our Supreme Court, interpreting section 186.22, subdivision (a), held that the crime can only be committed where the defendant gang member acts together with at least one other member of the gang. Under this decision, defendant's conduct in attacking Flores could not sustain a conviction under section 186.22, subdivision (a), because there was no evidence he acted together with another gang member in committing the attempted murder and the other charges of which he was found guilty in counts 2 and 4.

3

But count 3 presents a different situation. Defendant's conviction for possession of a firearm by a felon included the guns found in Verales's truck which was hidden in defendant's garage and contained both the gun used in the attempted murder and other firearms. Two gang members committed this offense; defendant and Verales. The two acted together in hiding the firearms. Verales was a felon on parole; defendant was no longer on parole. Thus, placing the guns in a garage which was no longer subject to parole searches satisfied the gang's purposes in protecting its cache of weapons. Navarro, a gang expert, testified that guns are important to gang members and that it was customary for the guns to be kept by a trusted gang member at a safe location.

In determining the sufficiency of the evidence we must "'"examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."'" (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.) Here, there was substantial evidence that defendant and a fellow gang member acted together to hide firearms which were illegal for either defendant or Verales to possess.

*2. Possession for Benefit of Criminal Street Gang*

We test the sufficiency of the evidence to support the gang enhancement on count 3 with the same criteria indicated above. (*People v. Albillar* (2010) 51 Cal.4th 47, 59-60.) "'The evidence that defendant knowingly committed the charged crimes in association with two fellow gang members was sufficient to support the jury's findings on the gang enhancements . . . .' [Citation.] '[T]he jury could reasonably infer the requisite association from the very fact that defendant committed the charged crimes in association with fellow gang members.' [Citation.]" (*People v. Martinez* (2008) 158 Cal.App.4th 1324, 1332.) As we pointed out in the preceding section the weapons possession charge involved at least one other gang member; Verales. Furthermore, as

4

noted earlier, Navarro, who testified as gang expert, stated that guns are important to gang members and that it was customary for the guns to be kept by a trusted gang member at a safe location.

Defendant argues that "there [was] no evidence that any other gang members were even aware that appellant had those weapons." But it certainly is a permissible inference that fellow gang member Verales knew the firearms were hidden in his truck. "'[W]hen two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.' [Citation.]" (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1363, italics omitted.)

DISPOSITION

The judgment is affirmed.

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

5